UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY MUGNO,

                      Plaintiff,

- against -

SOCIETE INTERNATIONALE DE
TELECOMMUNICATIONS AERONAUTIQUES, LTD.,
SOCIETE INTERNATIONALE DE
TELECOMMUNICATIONS SC, SOCIETY
INTERNATIONALE DE TELECOMMUNICATIONS
INC., SITA, SC; SITA INC.; SITA, SITA Information
Networking Company USA, INC.; SITA INC NV;
a/k/a THE SITA GROUP; ENGINEERING AIRPORT
AND DESKTOP SERVICES; and THE HARTFORD
INSURANCE GROUP,

                      Defendants.
----------------------------------X

**MEMORANDUM & ORDER**
On Motion to Dismiss (doc. #32)
05-cv-2037 (DRH) (ARL)

**APPEARANCES:**

*For the Plaintiff:*

Law Office of Ruth M. Pollack

P.O. Box 120

1288 West Main Street

Riverhead, NY  11901-0120

    **By:    Ruth M. Pollack, Esq.**

*For Defendant The Hartford Insurance Company*:

Rivkin Radler LLP

EAB Plaza

Uniondale, NY  11556-0111

    **By:    Norman L. Tole, Esq.**

**HURLEY, Senior District Judge:**

Plaintiff alleges that as the result of stress fractures to his right foot and soft tissue damage to his right ankle, together with osteoporosis, Plaintiff's doctor advised him to take a disability leave. The instant case arises from the alleged denial of Plaintiff's request for short-term disability benefits from his then-employer, Defendant Societe Internationale de Telecommunications Aeronautiques, Ltd. ("Societe" or "the Company"),[1] and from the employer's benefits provider, Defendant The Hartford Insurance Group ("Hartford").[2]

Plaintiff is Anthony Mugno ("Plaintiff" or "Mugno"), a senior integration engineer, who brings the present suit against Societe for violations of (1) the Family and Medical Leave Act ("FMLA"); (2) the Employee Retirement Income Security Act ("ERISA"); (3) the Americans with Disabilities Act ("ADA"); and (4) New York State Human Rights Law. Mugno's cause of action against Hartford (Mugno's "Fifth Cause of Action," *see* Pl.'s Amended Compl. at 12

---

[1] Defendant Societe consistently argued that it is a wrongly named defendant in this action as it is not, and never has been, Plaintiff's employer. From its first filing in this case, Defendant Societe has maintained, "Plaintiff formerly was employed by SITA Information Networking Computing USA, Inc. (hereinafter "SITA") as a network integration engineer. He was not an employee of Societe. Plaintiff has not named SITA as a defendant in this lawsuit." Letter from Shawn Patrick Regan, Esq., Hunton & Williams, to Hon. Denis R. Hurley, U.S. Dist. J., at 1 n.2 (Sept. 14, 2005) (doc. #3). This argument will be addressed in a separate Memorandum and Order. For convenience only, the Court may refer to Defendant Societe as Mugno's employer in this Memorandum and Order. Such reference herein is not to be construed as a holding of the Court.

[2] Defendant Hartford Life and Accident Insurance Company indicates it is incorrectly identified in this action as The Hartford Insurance Company. (*See* Hartford's Notice of Mot. at 1; Hartford's Mem. of Law in Support of Mot. Dismiss at 10 (signature block).) The Court shall refer to the defendant insurance company as "Hartford Life and Accident Insurance Company" or, simply, "Hartford." The Clerk of Court is directed to correct the caption of the case to reflect Hartford's correct name.

("Complaint")) is for negligence in its handling and denial of Mugno's disability claim, as well as violating Societe's health benefit plan ("the Plan"), ERISA, ADA, and New York State law.

Defendant Hartford moves to dismiss Plaintiff's Fifth Cause of Action, the only cause of action that pertains to it. (*See* Hartford's Mem. of Law in Support of Mot. Dismiss at 10 ("Hartford Dismissal Mem.").) In support of its dismissal motion pursuant to Federal Rule of Civil Procedure 12(b)(6), Hartford makes four arguments. First, Mugno has no cause of action against Hartford for violation of the ADA. (*See id.* at 3-5.) Second, Mugno has no cause of action under the Plan or under New York State law. (*See id.* at 5-6.) Third, Mugno has failed to state a cause of action under ERISA as against Hartford. (*See id.* at 7-8.) Finally, there is no basis upon which to grant Mugno's demands for punitive damages and/or damages pursuant to the FMLA (*See id.* at 8-9.)

In his Joint Memorandum of Law in Opposition ("Pl.'s Opp'n Mem.") to both Societe's and Hartford's motions for dismissal, Mugno says little that addresses Hartford's arguments. In essence, all Mugno does is refute Hartford's reliance on the case of *Pallozzi v. Allstate Life Ins. Co.*, 204 F.3d 392, (2d Cir. 2000), arguing the case supports Plaintiff's assertion of conspiracy and subterfuge. (*See* Pl.'s Opp'n Mem. at 10.)

For the reasons stated, *infra*, the Court GRANTS Hartford's Motion to Dismiss; thus, all claims against Hartford are dismissed.

# I. BACKGROUND

On a motion for dismissal, a court must accept as true all facts alleged in a plaintiff's complaint and must draw all inferences in favor of the plaintiff. *See Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (citing *Todd v. Exxon Corp.*, 275 F.3d 191, 197 (2d Cir. 2001)). Thus, this summary of facts is based on the Plaintiff's Second Amended Complaint (the "Complaint").

Prior to August 2003, Mugno had worked for Societe for five years in its Engineering and Desktop Services department. At some time, Mugno suffered stress fractures in his right foot and soft tissue damage to his right ankle, coupled with osteoporosis.[3] As a result of this condition, Mugno's doctors advised Mugno to take leave from work.

Mugno alleges that the Company's Human Resources representative, Susan Farrell, was not available to him to report his leave, nor did Farrell advise Mugno of his "rights and obligations under the Plan, under the leave policy or that the FMLA and short term disability ran concurrently, among other omissions . . . ." (Complaint at ¶ 38.) Mugno also states that his boss, Frank Sullivan, was not available so that he (Mugno) could report his leave. Therefore, on or about August 23, 2003, after notifying Mike De Iulio, Sullivan's supervisor, Mugno began his leave of absence. According to Mugno's Complaint, De Iulio approved the leave, as well as Mugno's offer to continue working on his project from home. And, despite De Iulio stating he did not need one, Mugno provided De Iulio with a physician's note to justify his need for leave. Several days later, Sullivan contacted Mugno to offer to drive him to work. Although not stated

---

[3] It is unclear from the Complaint exactly when or how Mugno suffered his foot and ankle injuries. However, this information is not relevant to the motion before the Court.

in the Complaint, the reasonable inference that can be drawn from the Complaint is that Mugno did not accept this offer. Mugno continued to work from home for the Company for three to four weeks.

On September 5, 2003, while Mugno was working from home, Farrell sent Mugno the Company's disability claim paperwork. Thereafter, Mugno contacted Hartford, the Company's disability benefits provider, and established a claim. He also timely completed the other required paperwork for the Company and returned it to Farrell. To ensure all paperwork was received, Mugno followed up with Farrell and was informed that all necessary paperwork and information had been received.

Later, in the third week of September, Farrell called Mugno to inform him that if he was on short-term disability leave, he could not be doing work for the Company, nor could he use the Company's e-mail. This prompted Mugno's repeated attempts to contact various Company personnel to seek guidance on how to handle his leave since he was providing coaching and instruction–from his home, via telephone–to another engineer about his duties on an on-going project. Mugno's attempts were to no avail.

On November 20, 2003, Mugno left a voice mail for Farrell "informing her that he was ready, willing and able to return to work[.]" (Complaint at ¶ 58.) The next day, Mugno received a phone call from Societe's Human Resources Director, Dorothy Lago, who "informed plaintiff he had been away from the office for too long, had not kept them [the Company] abreast of his status and was therefore no longer employed by SITA." (*Id.* at ¶ 59.) Mugno's termination was not memorialized in writing.

Mugno contends that Societe wrongfully terminated him "on account of his disability, actual and/or perceived." (Complaint at ¶ 62.) Mugno further asserts that "Societe . . . clearly 'diddled' Mr. Mugno in contravention of all applicable law to avoid paying his disability insurance and for other discriminatory reasons." (*Id.* at ¶ 65.) Among other allegations of wrongdoing by Societe, Mugno claims that Societe failed "to abide by the terms of the [Societe] policy with The Hartford after a claim had been established." (*Id.* at 76.) Concomitantly, Mugno alleges that "Hartford failed and refused to properly process the forms and claim duly provided to it by Mr. Mugno through his physicians." (*Id.* at 92.) Mugno also alleges:

> Upon information and belief, The Hartford wrongfully denied plaintiff's short term disability benefits based only on a non medical opinion rendered by a negligently trained "Claims Examiner" dated on or about November 12, 2003 based on the fact that the claims examiner found Mr. Mugno's physician's "restrictions overly excessive based on the type of injury."

(*Id.* at ¶ 95.) No where in Mugno's Complaint is there an indication, or even an inference, that Mugno appealed this denial of short term disability benefits.

Societe contracted with Defendant Hartford to provide its employees disability insurance, as well as other benefits (collectively, "the Plan"). While employed by Societe, Mugno qualified as a participant in the Plan, entitling him to: (a) long- and short-term disability benefits; (b) major medical benefits; (c) life insurance; and (d) other benefits. Specifically as to short-term disability, on the eighth day of disability and after exhausting all sick leave, the Plan was to pay 70% of Mugno's weekly salary for six months, up to a maximum weekly amount of $700. (*See* Complaint at ¶ 33.)

## II. STANDARD ON MOTION TO DISMISS

When presented with a motion to dismiss, a court must accept as true all facts alleged by the plaintiff in his complaint. *Twombly*, 425 F.3d at 106. Likewise, the court must draw all inferences in favor of the plaintiff. *Id.*; *see also Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999) ("In ruling on [a motion for dismissal], the court is to look only to the allegations of the complaint and any documents attached to or incorporated by reference in the complaint to assume all well-pleaded factual allegations to be true, and to view all reasonable inferences that can be drawn from such allegations and documents in the light most favorable to the plaintiff.") (internal citations omitted). "A complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Todd v. Exxon*, 275 F.3d at 197) (further citation omitted). Yet, "[a] plaintiff must allege . . . those facts *necessary* to a finding of liability." *Armon v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005)) (emphasis in original). "At the pleading stage . . . the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (citation, brackets, and internal quotation marks omitted)) (ellipses in *Twombly*).

## III. DISCUSSION

By way of format, the Court will address Hartford's arguments in the following order: first, the ADA argument; second, the violation of the Plan and New York State law; third, the ERISA claim; and, fourth, the FMLA argument.

A.     Mugno's ADA Claim Against Hartford

Since he does not specify, the Court shall first examine Mugno's ADA claim against Hartford under Title I of the ADA and then under Title III of that Act. "Title I of the ADA . . . generally prohibits discrimination on the basis of disability in the context of employment, *see* 42 U.S.C. §§ 12112-12117 . . . ." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 100 (2d Cir. 1999). As the Second Circuit instructs, "[t]he ADA prohibits discrimination against any 'qualified individual with a disability because of the disability of such individual in regard to,' *inter alia*, 'discharge of employees.'" *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (quoting 42 U.S.C. § 12112(a)). In the context of employment:

> [t]o make out a *prima facie* case under the ADA, a plaintiff must establish that:
>
> > (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.

*Id.* (quoting *Heyman v. Queens Vill. Comm. for Mental Health*, 198 F.3d 68, 72 (2d Cir. 1999) (further citation omitted)). Here, under Title I, Mugno's claim of an ADA violation against

Hartford is fatally flawed for the simple reason that Hartford is not Mugno's employer.[4] Even if that were not the case, though, while Mugno complains of a condition with his foot for which his physicians recommended he take a leave of action, and makes the bald assertion that "[a]t all relevant times, plaintiff suffered impairments which are defined as disabilities under . . ." the ADA (Complaint at ¶ 34), there are no alleged facts that support an inference that Mugno was disabled within the meaning of the ADA. *See, e.g.*, 42 U.S.C. § 12102(2) (defining a disability under the ADA); *see also Giordano*, 274 F.3d at 747-48 (discussing the meaning of disability as it relates to working). Despite this Circuit's liberal pleading standards, "bald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Here, Mugno's bald allegations do not allow the Court to draw a favorable inference that Hartford's denial of benefits was discriminatory and, therefore, actionable. To survive Hartford's Motion to Dismiss, the Plaintiff's Complaint needed to allege facts from which the Court could have drawn a favorable inference that Hartford's denial was actionable discrimination; it fails to do that. *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002); *Armon*, 464 F.3d at 343. Thus, construed as a claim under Title I of the ADA, the Court grants Hartford's Motion to Dismiss as it relates to the ADA claim.

If Mugno's ADA claim against Hartford is viewed as a claim under Title III of the ADA, it still cannot survive Hartford's motion to dismiss. "Title III of the ADA . . . generally prohibits discrimination on the basis of disability by so-called 'public accommodations,' *see* [42 U.S.C.]

---

[4] While the Hartford may fall within the ADA's statutory definition of an "employer", even if it were Mugno's employer, the Complaint fails to contain any factual allegations that are necessary to make that determination. Yet, such facts are necessary to a finding of liability under the ADA.

§§ 12181-12189 . . . ." *Leonard F.*, 199 F.3d at 100. In the context of individuals purchasing insurance policies, the Second Circuit has held "that Title III does regulate the sale of insurance policies in insurance offices, subject to the limitations of the safe harbor provision of Section 501(c) of Title V [of the ADA]." *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28, 33 (2d Cir. 2000). As is apparent from the facts of Mugno's Complaint, however, this case concerns insurance benefits provided to an employee by an employer with the employer having purchased the insurance from an insurer. The Second Circuit has acknowledge that in cases of ADA Title III claims against insurance companies, there needs to be a nexus between the employee and the insurer, *see id.* at 33 n.3, and where an employee accesses his insurance benefit through his employer, the requisite nexus is not present, *see id.* Thus, given the alleged facts found in Mugno's Complaint, Mugno has failed to provide factual support for the contention that Hartford violated Title III of the ADA.

Moreover, contrary to Plaintiff's contention (*see* Pl.'s Opp'n Memo at 10 (referring to Hartford, stating "Plaintiff's complaint alleges conspiracy and subterfuge.")), Hartford can take advantage of the ADA's safe harbor provision found in § 501(c) of Title V. *See* 42 U.S.C. § 12201(c)(1). The Second Circuit has stated that "by virtue of the safe harbor, the ADA has no application so long as the insurer conforms to state law and does not engage in subterfuge." *Pallozzi v. Allstate Life Ins. Co.*, 204 F.3d 392, 392,(2d Cir. 2000) (pet. reh'g.). Mugno's attempt to preserve his ADA claim against Hartford by arguing "conspiracy and subterfuge" is unavailing. (*See* Pl.'s Opp'n Memo at 10.) First, the Court disagrees with Mugno's characterization that his "complaint alleges conspiracy and subterfuge." (*Id.*) In his Complaint, Mugno states: "Upon information and belief, The Hartford acted in concert with Societe a/k/a

SITA by its failure to process plaintiff's valid and established claim pursuant to the insurance policy." (Complaint at ¶ 94.) Second, without benefit of the Plan in the record, it is impossible to determine if Mugno's claim was valid. In turn, it is impossible for the Court to determine if the denial of the claim was wrongful. (*See id.* at ¶ 95 (stating that "Hartford wrongfully denied plaintiff's short term disability benefits").) Simply stated, without the Plan before it and on the Complaint before the Court, Mugno has failed to provide the necessary factual support for his allegation. Third, assuming his claim is valid under the Plan, its denial does not automatically equate to discriminatory action, conspiracy or subterfuge on the part of Hartford. Hartford may well have been within its rights under the Plan to deny Mugno's claim. And, while Mugno asserts Hartford acted "wrongfully" (*Id.* at ¶ 95) and "was negligent" (*id.* at ¶ 96), he does not assert that Hartford discriminated against him. Mugno's conclusory statement in his Opposition Memo (without citation to the record or to any authority to support that statement), *i.e.*, "Plaintiff's complaint alleges conspiracy and subterfuge" (Pl.'s Opp'n Memo at 10), is insufficient. Even with the required liberal reading of Mugno's Complaint, Mugno has failed to allege facts from which the Court can draw an inference in Mugno's favor of conspiracy by Hartford[5] or of subterfuge by Hartford.[6] Thus, the Court grants Hartford's Motion to Dismiss Mugno's ADA claim against it.

---

[5] In any event, there is no federal cause of action for conspiracy under common law. *See Margan v. Niles*, 250 F. Supp. 2d 63, 76 (N.D.N.Y. 2003).

[6] The Second Circuit has held "that the subterfuge clause in Section 501(c) of the ADA should be construed . . . to require an intent to evade." *Leonard F.*, 199 F.3d at 104. Mugno has not alleged any facts in his Complaint that can support the Court's drawing an inference favoring him as to his claim of Hartford's intent to evade. Thus, his late-raised "argument" of subterfuge is unavailing.

B. Mugno's Claim Against Hartford for Violations of the Plan and New York State Law

As noted earlier, although Mungo relies heavily upon it and it is central to his claims, the Court's careful review of the docket reveals Mugno has failed to include the Plan with his pleadings. Thus, the Court is stymied in evaluating Mugno's asserted claim of Hartford's violation of the Plan. In short, without the Plan and given the Complaint before it, Mugno has failed to allege those facts necessary to a finding of liability by Hartford for violation of the Plan. *See Armon*, 464 F.3d at 343.

"New York State Human Rights Law § 296 et seq.," under which Plaintiff asserts a claim (*see* Complaint at ¶ 4), addresses unlawful discriminatory practice prohibited by employers, labor unions, employee agency, and joint labor-management committees. *See* N.Y. Exec. Law § 296(1) & (1-a). Defendant Hartford is none of those things to Plaintiff; Mugno's Complaint does not allege otherwise. *See, e.g., Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 676 (S.D.N.Y. 2001) ("The only definition of the employer for purposes of section 296(1) of the [Human Rights Law] is that '[t]he term 'employer' does not include any employer with fewer than four persons in his employ.'" (quoting N.Y. Exec. Law § 292(6))). Thus, as to Mugno's state law claim, it appears beyond doubt that Mugno cannot prove any set of facts to support this claim under which he seeks relief. Therefore, the Court grants Hartford's Motion to Dismiss as to Mugno's state law claim against it.

C.     Mugno's ERISA Claim Against Hartford

The Court begins its analysis of Mugno's ERISA claim by determining whether he states a valid ERISA claim. "To state a claim under ERISA, a plaintiff must allege and establish the existence of an 'employee benefit plan' that is governed by ERISA." *Albers v. Guardian Life Ins. Co. of Am.*, No. 98 Civ. 6244, 1999 WL 228367, at *2 (S.D.N.Y. Apr. 19, 1999) (citing 29 U.S.C. § 1003(a)); *see also Adams v. Intralinks, Inc.*, No. 03 Civ. 5384, 2004 WL 1627313, at *7 (S.D.N.Y. July 20, 2004). Whether a plan is governed by ERISA "is cognizable on a Rule 12(b)(6) motion; where the record contains the undisputed terms of the disputed plan . . . a Court may decide the applicability of ERISA as a matter of law." *Foster v. Bell Atl. Tricon Leasing Corp.*, No. 93 Civ. 4527, 1994 WL 150830, at *1 (S.D.N.Y. Mar. 29, 1994); *see also Hahn v. National Westminster Bank, N.A.*, 99 F. Supp. 2d 275, 277 (E.D.N.Y. 2000). Moreover, in an ERISA action, a plaintiff may only recover benefits due him under the terms of his plan. *See* 29 U.S.C. § 1132(a)(1)(B).) Here, no Plan has been provided.

Furthermore, for years within this Circuit, it has been well-settled that timely exhaustion of plan remedies is a prerequisite to suit in federal court "and that, absent appropriate equitable considerations, court action is barred absent such exhaustion." *Greifenberger v. Hartford Life Ins. Co.*, 2003 WL 22990093 (S.D.N.Y. 2003), *aff'd*, 131 Fed. Appx. 756 (2d Cir. 2005); *see also Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133-34 (2d Cir. 2001) (instructing that plaintiff is "required to exhaust [administrative remedies] even if she was ignorant of the proper claims procedure"); *Benaim v HSBC Bank USA*, 94 F. Supp. 2d 518, 519 (S.D.N.Y. 2000), *aff'd*, 23 Fed. Appx. 55 (2d Cir. 2001).

> Section 503(2) of [ERISA] requires that "every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133 (1998). There is no statutory requirement that plaintiffs exhaust administrative processes before filing an action in federal court. However, relying on § 1133, "courts have 'developed the requirement that a claimant should ordinarily follow internal plan procedures and exhaust internal plan remedies before seeking judicial relief under ERISA.'" *Ludwig v. NYNEX*, 838 F. Supp. 769, 781 (S.D.N.Y. 1993), quoting John H. Langbein & Bruce A. Wolk, Pension and Employee Benefit Law 588 (1990); *see also Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993) (dismissing action based on plaintiff's failure to pursue plan remedies).

*Sibley-Schreiber v. Oxford Health Plan (N.Y.), Inc.*, 62 F. Supp. 2d 979, 985 (E.D.N.Y. 1999) (Dearie, J.). "The doctrine of exhaustion of administrative remedies rests on the principle 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Merkent v. SI Bank & Trust Spring 2004 Severance Benefit Plan*, 2006 WL 898086 (E.D.N.Y. 2006) (Bianco, J.) (quoting *Kennedy*, 989 F.2d at 592). As the Second Circuit instructed in *Kennedy*, the purpose of the exhaustion requirement is to "help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all those concerned." *Kennedy*, 989 F.2d at 594. Recently, the Second Circuit has clarified that its judicially created exhaustion requirement in ERISA cases is "more akin to a 'claim-processing rule,' which would be an affirmative defense . . . ." *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 443, 446 (2d Cir. 2006) (holding "a failure to exhaust ERISA administrative remedies is not jurisdictional, but is an affirmative defense").

In this instance, a careful review of the docket reveals that no copy of the subject Plan was submitted, either as appended to the Complaint or otherwise.[7] Thus, at the outset, although Mugno has alleged the existence of an employee benefit plan that is governed by ERISA, he has not established its existence. However, the Court will infer that the subject Plan was an ERISA-qualified plan from Mugno's assertion in his Complaint that Societe "established a plan ("Plan") through The Hartford for the purchase of insurance providing disability and other benefits to Societe employees, such as Mr. Mugno." (Complaint at ¶ 23.) *See* 29 U.S.C. § 1002(1) (defining an "employee welfare benefit plan" under ERISA). As such, the Court will further infer that as an ERISA-qualified plan, the Plan had review procedures in place that a plan participant, such as Mugno, could pursue. Importantly, the Court notes that, despite his assertion that Hartford denied his request for short-term disability benefits (*see* Complaint at ¶ 33), glaringly missing from Mugno's Complaint is an assertion that he exhausted all administrative remedies available to him. Indeed, the Court cannot draw an inference as there is not even a hint that Mugno pursued all administrative avenues available to him before turning to the federal

---

[7] The Court notes that the Plaintiff's attempt to have the Court consider exhibits attached to memoranda and declarations of various persons is unavailing. On a motion to dismiss pursuant to Rule 12(b)(6), "the court is to look only to the allegations of the complaint and any documents attached to or incorporated by reference in the complaint . . . ." *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). As noted earlier, a review of the docket in this case confirms that there were no attachments to Plaintiff's Complaint. Very liberally reading the Complaint, it can arguably be inferred that the Plan was incorporated by reference in the Complaint. However, a copy of the Plan, or even a summary thereof, is notably absent from the record. Therefore, in this instance, the Court looks only to Mugno's Complaint.

courthouse. In any event, Hartford originally raised lack of exhaustion as an affirmative defense in its answer to Mugno's first complaint. (*See* Hartford's Answer at 7 (doc. #11).[8])

In light of the record before it and having liberally read Mugno's Complaint and having drawn all inferences in Mugno's favor, the Court is compelled to invoke this Circuit's exhaustion doctrine. Here, Mugno has not alleged that he has exhausted all administrative remedies available to him under the Plan after Hartford allegedly denied him disability benefits. Therefore, on the record before the Court, there are not facts to support Mugno's claim that he is entitled to relief under ERISA. Thus, Mugno's ERISA claim against Hartford is dismissed.

D.  Mugno's FMLA Claim Against Hartford

When asserting a denial of benefits under FMLA, a plaintiff must establish:

> (1) he is an eligible employee under the FMLA, as defined in 29 U.S.C. § 2611(2); (2) defendant is an employer under the FMLA, as defined in 29 U.S.C. § (4); (3) he was entitled to leave under the FMLA, as defined in 29 U.S.C. 2612(a)(1); and (4) defendant engaged in some prohibited act, as defined in 29 U.S.C. § 2615.

*Spurlock v. NYNEX*, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996) (citing *Blidy v. Exam. Mgmt. Servs.*, 1996 WL 568786 (N.D. Ill. 1996)); *see also Belgrave v. City of New York*, 1999 WL 692034, *43 (E.D.N.Y. 1999).

---

[8] Hartford filed an Answer to Mugno's original Verified Complaint (doc. #1); it is in that Answer where Hartford raises the affirmative defense of non-exhaustion. As to Mugno's Amended Complaint, the subject Complaint (doc. #14), Hartford responded with the Motion to Dismiss currently under consideration.

Mugno's Complaint fails to state a claim under the FMLA as against Hartford. At the outset, Mugno is not an employee of Hartford. According to FMLA:

> The term "eligible employee" means an employee who has been employed—
> (I) for at least 12 months by the employer *with respect to whom leave is requested* under section 2612 of this title; and
> (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

29 U.S.C. § 2611(2)(A) (emphasis added). Here, Mugno requested leave from Societe, not Hartford. Therefore, under FMLA and as to Hartford, Mugno is not an eligible employee. *See, e.g., Herman v. RSR Sec. Servs.Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (discussing the "economic reality" test for determining who is an employee which requires a court to consider the level of control an alleged employer has over an employee); *Eckert v. Schroeder*, 364 F. Supp. 2d 326, 327-28 (W.D.N.Y. 2005) (stating that FMLA liability extends only to "entities that 'possessed the power to control the worker in question'") (further citation omitted). Even if it were Hartford from whom Mugno requested leave, Mugno does not allege sufficient facts necessary to establish a FMLA claim against Hartford. For example, nowhere in his Complaint has Mugno stated that he has been employed by Hartford for at least 1,250 hours of service during a 12-month period. Further examination of Mugno's Complaint demonstrates that he has not alleged sufficient facts necessary to satisfy the further requirements of an FMLA claim. In sum, Mugno can prove no set of facts in support of his FMLA claim against Hartford; thus, Mugno's FMLA claim against Hartford is dismissed.

## *CONCLUSION*

For the foregoing reasons, Defendant Hartford's Motion to Dismiss (doc. #32) is GRANTED.

**SO ORDERED.**

Dated: Central Islip, New York  
      January 30, 2007

/s/  
Denis R. Hurley,  
United States Senior District Judge