UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANTHONY MUGNO,

                              Plaintiff,            **MEMORANDUM & ORDER**

              - against -                           On Motion to Dismiss (doc. #40)
                                                    and Motion to Strike (doc. #44)
                                                    **05-cv-2037** (DRH) (ARL)

SOCIETE INTERNATIONALE DE
TELECOMMUNICATIONS AERONAUTIQUES, LTD.,
SOCIETE INTERNATIONALE DE
TELECOMMUNICATIONS SC, SOCIETY
INTERNATIONALE DE TELECOMMUNICATIONS
INC., SITA, SC; SITA INC.; SITA, SITA Information
Networking Company USA, INC.; SITA INC NV;
a/k/a THE SITA GROUP; ENGINEERING AIRPORT
AND DESKTOP SERVICES; and THE HARTFORD
INSURANCE GROUP,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**APPEARANCES:**

*For the Plaintiff:*

Law Office of Ruth M. Pollack

P.O. Box 120

1288 West Main Street

Riverhead, NY  11901-0120

          **By:    Ruth. M. Pollack, Esq.**


*For Defendant Societe Internationale de Telecommunications Aeronautiques, LTD*:

Hunton & Williams LLP

Bank of America Plaza, Suite 4100

600 Peachtree Street, N.E.

Atlanta, GA 30308-2216

          **By:    Annette A. Idalski, Esq.**

                 **Lindsey Camp Edelmann, Esq.**

Hunton & Williams LLP

200 Park Avenue, 43rd Floor

New York, NY 10166-0136

**By:    Shawn Patrick Regan, Esq.**


**HURLEY, Senior District Judge:**

Plaintiff alleges that as the result of stress fractures to his right foot and soft tissue damage to his right ankle, together with osteoporosis, Plaintiff's doctor advised him to take a disability leave.  The instant case arises from the alleged denial of Plaintiff's request for short-term disability benefits from his then-employer, who he claims to be Defendant Societe Internationale de Telecommunications Aeronautiques, Ltd. ("Societe" or "the Company"), and from the employer's benefits provider, Defendant The Hartford Insurance Group ("Hartford").[1]

Plaintiff is Anthony Mugno ("Plaintiff" or "Mugno"), a senior integration engineer, who brings the present suit against Societe on an Amended Complaint (*see* Amended Compl. (hereinafter, "Complaint") (doc. #14)) asserting violations of (1) the Family and Medical Leave Act ("FMLA"); (2) the Employee Retirement Income Security Act ("ERISA"); (3) the Americans with Disabilities Act ("ADA"); and (4) New York State Human Rights Law.[2]  Except for

---

[1]  For convenience, the Court shall refer to the defendant insurance company as "Hartford."

[2]  Mugno's Fifth Cause of Action is directed against Hartford.  Under this last Cause of Action, Mugno claims Hartford was negligent in its handling and denial of his disability claim, as well as violated Societe's health benefit plan ("the Plan"), ERISA, ADA, and New York State law.  (*See* Complaint at 12.)  In response, Hartford has filed a Motion to Dismiss.  (*See* doc. #32.) The Court addresses that Motion in a separate Memorandum and Order.

Hartford, Mugno asserts that Societe and the other named Defendants are one and the same.

Mugno states:

> Upon information and belief, at all relevant times, Societe
> Internationale de Telecommunications Aeronautiques, LTD
> ("Societe") was and is also known as SOCIETE
> INTERNATIONALE DE TELECOMMUNICATIONS SC; and/or
> SOCIETY INTERNATIONALE DE TELECOMMUNICATIONS
> INC.; and/or SITA, SC; and/or SITA, INC.; and/or SITA; SITA
> Information Networking Company USA, INC.; and/or SITA INC
> NV; and/or THE SITA GROUP; and/or ENGINEERING
> AIRPORT AND DESKTOP SERVICES (unless otherwise
> indicated, hereinafter "Societe" or "Societe a/k/a SITA"),
> depending upon the international legal and/or practical
> requirements for such names.

(Complaint at 9.)

In response, Defendant Societe moves to dismiss Plaintiff's Complaint pursuant to

Federal Rules of Civil Procedure 12(b)(2), (5), and (6). In support of its Motion to Dismiss,

Societe makes six arguments: (1) it was never served Mugno's Complaint (*see* Societe's Mem. of

Law in Support of Mot. Dismiss ("Societe's Dismissal Mem.") at 7-9 (doc. #41)); (2) Mugno's

attempted service of his Complaint was untimely (*see id.* at 9-12); (3) Societe is not Mugno's

employer; therefore, claims under the FMLA, ADA and New York State laws cannot be brought

against it (*see id.* at 13, 15-16, 17); (4) Mugno's ADA claim is time-barred (*see id.* at 13-14); (5)

the allegations in Mugno's Complaint establish that he was not disabled; therefore, he states no

cause of action under either the ADA or New York State law (*see id.* at 14-15; 16-17); and (6)

Mugno has failed to properly plead his ERISA claim against Societe (*see id.* at 18-20).

Defendant Societe simultaneously moves to strike and/or exclude the declarations of both

Mugno and his counsel, Attorney Pollack ("Pollack"), arguing that these declarations "are not

based on personal knowledge, contain unsupported conclusory and speculatory statements, and set forth improper legal conclusions . . . ." (Societe's Mem. In Support of Mot. Strike ("Societe's Strike Mem.") at 1 (doc. #45).) In addition to seeking the exclusion of Mugno's and Pollack's Declarations, Societe requests that the eight documents attached to Mugno's Declaration also be stricken and/or disregarded by the Court, arguing that "none of the documents are admissible as they are not authenticated as required by the Rules of Evidence." (*Id.* at 14 (citing Fed. R. Evid. 901(a) (further citations omitted).) Finally, Societe asks that Plaintiff be sanctioned for filing the Declarations, arguing those Declarations were filed in bad faith and to mislead the Court. (*See* Societe's Strike Mem. at 17-18.)

In his Joint Memorandum of Law in Opposition ("Pl.'s Opp'n Mem.") to both Societe's and Hartford's motions for dismissal, Plaintiff skirts Societe's arguments. Instead of responding to Societe's enumerated points, Mugno asserts his right to amend his Complaint and argues that he was unaware of the proper name of his employer. Mugno further tries to confuse the issue by casting blame on Societe for its alleged failure to provide Mugno with the name of proper agent for service. Plaintiff later argues that Societe has purposely avoided service in this case. Plaintiff also tries to shift the Court's focus to a right-to-sue letter which is not germane to this motion. To provide credence to his arguments, Plaintiff's counsel attaches various documents to his Opposition Memo. (Notably missing, though, is the disability benefit Plan with which Societe allegedly did not comport.) Counsel does this after protesting Societe's submission of various Declarations in support of its dismissal motion. Finally, Plaintiff makes a confused argument that, since discovery has not been concluded, Societe's Motion to Dismiss is premature. Plaintiff has not filed any opposition papers to Societe's Motion to Strike.

For the reasons set forth, *infra*, the Court (1) GRANTS in part and DENIES in part Societe's Motion to Strike, and (2) GRANTS Societe's Motion to Dismiss.

## I. FACTUAL BACKGROUND[3]

Prior to August 2003, Mugno had worked for Societe for five years in its Engineering and Desktop Services department. At some time, Mugno suffered stress fractures in his right foot and soft tissue damage to his right ankle, coupled with osteoporosis.[4] As a result of this condition, Mugno's doctors advised Mugno to take leave from work.

Mugno alleges that the Company's Human Resources representative, Susan Farrell, was not available to him to report his leave, nor did Farrell advise Mugno of his "rights and obligations under the Plan, under the leave policy or that the FMLA and short term disability ran concurrently, among other omissions . . . ." (Complaint at ¶ 38.) Mugno also states that his boss, Frank Sullivan, was not available so that he (Mugno) could report his leave. Therefore, on or about August 23, 2003, after notifying Mike De Iulio, Sullivan's supervisor, Mugno began his leave of absence. According to Mugno's Complaint, De Iulio approved the leave, as well as Mugno's offer to continue working on his project from home. And, despite De Iulio stating he did not need one, Mugno provided De Iulio with a physician's note to justify his need for leave. Several days later, Sullivan contacted Mugno to offer Mugno a ride to work. Although not stated in the Complaint, the reasonable inference that can be drawn from the Complaint is that Mugno

---

[3] This summary of facts is based on the Plaintiff's First Amended Verified Complaint (previously defined as the "Complaint" (doc. #14)).

[4] It is unclear from the Complaint exactly when or how Mugno suffered his foot and ankle injuries. However, this information is not relevant to the motion before the Court.

did not accept this offer. Mugno continued to work from home for the Company for three to four weeks.

On September 5, 2003, while Mugno was working from home, Farrell sent Mugno the Company's disability claim paperwork. Thereafter, Mugno contacted Hartford, the Company's disability benefits provider, and established a claim. He also timely completed the other required paperwork for the Company and returned it to Farrell. To ensure all paperwork was received, Mugno followed up with Farrell and was informed that all necessary paperwork and information had been received.

Later, in the third week of September, Farrell called Mugno to inform him that if he was on short-term disability leave, he could not be doing work for the Company, nor could he use the Company's e-mail. This prompted Mugno's repeated attempts to contact various Company personnel to seek guidance on how to handle his leave since he was providing coaching and instruction–from his home, via telephone–to another engineer about his duties on an on-going project. Mugno's attempts were to no avail.

On November 20, 2003, Mugno left a voice mail for Farrell "informing her that he was ready, willing and able to return to work[.]" (Complaint at ¶ 58.) The next day, Mugno received a phone call from Societe's Human Resources Director, Dorothy Lago, who "informed plaintiff he had been away from the office for too long, had not kept them [the Company] abreast of his status and was therefore no longer employed by SITA." (*Id.* at ¶ 59.) Mugno's termination was not memorialized in writing.

Mugno contends that Societe wrongfully terminated him "on account of his disability, actual and/or perceived." (Complaint at ¶ 62.) Mugno further asserts that "Societe . . . clearly 'diddled' Mr. Mugno in contravention of all applicable law to avoid paying his disability insurance and for other discriminatory reasons." (*Id.* at ¶ 65.) Among other allegations of wrongdoing by Societe, Mugno claims that Societe failed "to abide by the terms of the [Societe] policy with The Hartford after a claim had been established." (*Id.* at 76.) Concomitantly, Mugno alleges that "Hartford failed and refused to properly process the forms and claim duly provided to it by Mr. Mugno through his physicians." (*Id.* at 92.) Mugno also alleges:

> Upon information and belief, The Hartford wrongfully denied plaintiff's short term disability benefits based only on a non medical opinion rendered by a negligently trained "Claims Examiner" dated on or about November 12, 2003 based on the fact that the claims examiner found Mr. Mugno's physician's "restrictions overly excessive based on the type of injury."

(*Id.* at ¶ 95.) Nowhere in Mugno's Complaint is there an indication, nor can an inference be drawn, that Mugno appealed this denial of short term disability benefits.

Societe contracted with Defendant Hartford to provide its employees disability insurance, as well as other benefits (collectively, "the Plan"). While employed by Societe, Mugno qualified as a participant in the Plan, entitling him to: (a) long- and short-term disability benefits; (b) major medical benefits; (c) life insurance; and (d) other benefits. Specifically as to short-term disability, on the eighth day of disability and after exhausting all sick leave, the Plan was to pay 70% of Mugno's weekly salary for six months, up to a maximum weekly amount of $700. (*See* Complaint at ¶ 33.)

## II. PROCEDURAL BACKGROUND

Given the protracted history of this case, the Court believes a review of its procedural background is warranted. On April 26, 2005, Mugno filed his Complaint against Societe Internationale Telecommunications Aeronautiques and The Hartford Insurance Company. (*See* doc. #1.) Simultaneously, a summons was issued as to both named defendants.

On September 14, 2005, in lieu of filing an answer and pursuant to this Judge's Individual Practice Rule 2(B), Societe filed a letter requesting a pre-motion conference ("Societe's pre-motion conference letter") seeking permission to file a motion to dismiss. (*See* doc. #3.)[5] Significantly, in this first filing by Societe, it stated: "Plaintiff formerly was employed by SITA Information Networking Computing USA, Inc. (hereinafter "SITA") as a network integration engineer. He was not an employee of Societe. Plaintiff has not named SITA as a defendant in this lawsuit." (Societe's pre-motion conference letter at 1 n.1.)[6] "Due to the press of business," Mugno requested an extension of time (*i.e.*, Mugno's first request for extension) within which to respond to Societe's pre-motion conference letter. (Letter from Ruth M. Pollack, Esq., Pollack & Kotler, to Hon. Denis R. Hurley, U.S. District Court, (Sept. 26, 2005) (doc. #8).) However, Pollack never filed a response to Societe's pre-motion conference letter. Regardless,

---

[5] The Court notes that according to this Judge's Individual Practice Rule 2(C), "Service of a pre-motion conference letter within the time provided by Federal Rule of Civil Procedure 12(a) constitutes timely service of a motion made pursuant to Federal Rule of Civil Procedure 12(b)." Individual Practice Rules of Judge Denis R. Hurley, *available at* http://www.nyed.uscourts.gov/pub/rules/DRH-MLR.pdf.

[6] Societe subsequently provided Mugno with the proper name of his employer, SITA Information Networking Computing USA, Inc., on at least three other occasions.

the Court held a pre-motion conference on October 19, 2005; thereafter, an order was entered

(the "October 19th Order") granting Plaintiff permission to file an amended complaint on or

before November 16, 2005, that added SITA Information Networking Computing USA, INC. as

a defendant.  The October 19th Order also stated: "Should Defendants believe that service of the

amended complaint is not effectuated properly, they may submit a letter to the Court seeking

permission to move to dismiss the Amended Complaint and the Court will issue a briefing

schedule."

Mugno failed to file an amended complaint on or before November 16, 2005.  Thereafter,

on November 17, 2005, and pursuant to the October 19th Order, Societe filed a letter requesting

permission to file a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and

(5).  (*See* Letter from Annette A. Idalski, Esq., Hunton & Williams LLP, to Hon. Denis R.

Hurley, U.S. District Court (Nov. 17, 2005) (doc. #12)).  In response, Mugno's counsel made an

untimely request (*i.e.*, Mugno's second request for an extension) for additional time within which

to file an amended complaint.  (*See* Letter from Ruth M. Pollack, Esq., Pollack & Kotler, to Hon.

Denis R. Hurley, U.S. District Court, (Nov. 18, 2005) (doc. #13).)  Pollack claimed "press of

business" and "the extent of research required to accomplish" proper service as the reasons for

not being able to file the amended complaint by November 16th.[7]  Mugno's counsel then asked

that she "be granted until November 2, 2005 to file the amended complaint and respond to the

papers filed by defense counsel."  (*Id.*)  Assuming "November" was an error on Pollack's part,

---

[7]  The Court notes that, with the information provided by Societe (*i.e.*, the proper name of
Mugno's employer, SITA Information Networking Computing USA, Inc.), it takes less than five
minutes' time to search New York State's Department of State's website to learn the proper
defendant's registered agent upon whom to effect service.

the Court granted Plaintiff an extension until December 2, 2005, to file the amended complaint. (*See* November 22, 2005 Order.)  Despite this accommodation, Plaintiff's counsel was again untimely; Mugno's Amended Complaint was not filed until December 3, 2005.  (*See* doc. #14.)

Thereafter, on December 5, 2005, Societe filed its "Third Request to File Motion to Dismiss based on Plaintiff's Failure to Effectuate Service Pursuant to the Court's Orders dated October 19, 2005 and November 22, 2005." (Doc. #16.)  Defendant Hartford also requested a pre-motion conference so that it could move to dismiss Mugno's Amended Complaint.  Mugno's counsel never responded to either request.  Thereafter, the Court waived its pre-motion conference requirement and set a briefing schedule on all defendants' motions to dismiss.  (*See* Dec. 28, 2005 Briefing Order.)  According to the Briefing Order, Defendants were to serve moving papers on or before February 3, 2006, and Plaintiff was to serve opposition papers on or before March 3, 2006.

A day before Plaintiff's March 3th deadline, Mugno's counsel filed a letter requesting an extension of time to file opposition papers (*i.e.*, Mugno's third request for an extension).  (*See* Letter from Ruth M. Pollack, Esq., Law Office of Ruth M. Pollack, to Hon. Denis R. Hurley, U.S. District Court, (Mar. 2, 2006) (doc. #19).)  The requested extension was on consent, would give Plaintiff until April 17, 2006 to serve his opposition papers, and would allow each defendant until May 17, 2006 to reply.  (*See id.*)  On March 3, 2006, the Court "So Ordered" the requested extension.  (*See* March 3, 2006 Order.)

On Plaintiff's April 17th due date, Attorney Pollack filed her forth request for an extension; she sought an additional 45 days within which to file Mugno's opposition to

Defendants' dismissal papers. Pollack claimed the press of business, illnesses of herself and her mother, and her client's residence out-of-state as reasons for her last-minute request. (*See* Letter from Ruth M. Pollack, Esq., Law Office of Ruth M. Pollack, to Hon. Denis R. Hurley, U.S. District Court, (Apr. 17, 2006) (doc. #20).) Societe vehemently opposed Pollack's request, making pointed arguments for its objections, to wit, Pollack's reasons did not rise to the level of extraordinary circumstances which the Court's Individual Practice Rule 9(G) require. Societe noted that Pollack's "continued references to her client's out-of-state residence, press of business, and illness are not new (indeed, she has relied upon these excuses in her prior requests)." (*See* Letter from Annette A. Idalski, Esq., Hunton & Williams LLP, to Hon. Denis R. Hurley, U.S. District Court (Apr. 19, 2006) (doc. #21)). The Court did grant Mugno an extension, but only for 30 days; therefore, Plaintiff was to serve his opposition papers by May 15, 2006. (*See* April 4, 2006 Order.)

Mugno's counsel did not comply the April 4th Order. Rather, on May 19, 2006, Pollack filed "an emergency letter request for leave to file [Mugno's] answers to defendants' Rule 12 applications . . ." (*See* Letter from Ruth M. Pollack, Esq., Law Office of Ruth M. Pollack, to Hon. Denis R. Hurley, U.S. District Court, (May 19, 2006) (doc. #23).) As extraordinary circumstances, Pollack again assert a heavy work load and medical treatments. (*See id.*) Counsel asked for reconsideration of her April 17th request for extension, to June 14, 2006, claiming the reference to "May" in the April 17th application was a "typographical error." (*Id.*) Alternatively, Pollack sought an extension to May 22, 2006 by which to serve Mugno's opposition papers. (*See id.*) Given Pollack's pattern of missing deadlines and making untimely requests for extensions, both Societe and Hartford filed letters opposing this latest request for an extension and requesting

that their dismissal motions be considered unopposed.  (*See* Letter from Annette A. Idalski, Esq., Hunton & Williams LLP, to Hon. Denis R. Hurley, U.S. District Court (May 19, 2006) (doc. #25); Letter from Norman L. Tolle, Esq., Ravkin & Radler, to Hon. Denis R. Hurley, U.S. District Court (May 19, 2006) (doc. #24).)  The Court granted Pollack's alternative request "for a final extension to May 22, 2006 to serve opposition papers."  (May 22, 2006 Order.)

Incredibly, again, Pollack did not meet her extended deadline.  Therefore, on May 25, 2006, having yet to receive Mugno's overdue opposition papers, Societe filed another letter "respectfully request[ing] that this Court grant Defendant Societe permission to file its uncontested dispositive motion with the Court for immediate ruling on the same."  (Letter from Annette A. Idalski, Esq., Hunton & Williams LLP, to Hon. Denis R. Hurley, U.S. District Court (May 25, 2006) (doc. #27).)[8]  On May 26, 2006, Pollack filed a response, stating, *inter alia*:

> I am still actually engaged in an ancillary proceeding, and have advised defendants that, while my papers were due to be "served" as of Monday, May 22 [(*sic*)], I have required a few days to forward the Memorandum of Law. . . .  The Memo of Law will be complete by tomorrow morning *because I am completing it tonight*.

(Letter from Ruth M. Pollack, Esq., Law Office of Ruth M. Pollack, to Hon. Denis R. Hurley, U.S. District Court, (undated) (filed May 26, 2006) (emphasis added) (doc. #28).)  Again, Pollack claimed "being actually engaged," "working with a client from out of state, and her "need to pace [her]self" as the "the extraordinary reasons" for her request that she be allowed to untimely serve her opposition papers on May 27, 2006, and that Defendants be allowed until

---

[8]  Hartford made a similar request in its May 25, 2006 letter filed with the Court.  (*See* Letter from Norman L. Tolle, Esq., Ravkin & Radler, to Hon. Denis R. Hurley, U.S. District Court (May 19, 2006) (doc. #26).)

June 7, 2006, to serve any reply. (*Id.*) The Court granted Pollack's untimely request. (*See* June 1, 2006 Order.)

Having received Mugno's untimely Response to Defendant Societe's Motion to Dismiss, together with two Declarations in support of his Response, Societe sought permission to file a motion to strike the Declarations. (*See* Letter from Lindsey Camp Edelmann, Esq., Hunton & Williams LLP, to Hon. Denis R. Hurley, U.S. District Court (June 2, 2006) (doc. #30).) Societe posited that the Declarations failed to comply with the requirement of personal knowledge, and contained improper legal conclusions, as well as irrelevant and inadmissible evidence. (*See id.*) The Court granted Societe's request. (*See* June 5, 2006 Order.)

According to the May 28, 2006, docket text accompanying the filing of document #29:

> SUMMONS Returned Executed by Anthony Mugno. Societe Internationale De Telecommunications Aeronautiques, Ltd. served on 8/23/2005, answer due 9/12/2005; The Hartford Insurance Company served on 8/23/2005, answer due 9/30/2005; Societe Internationale De Telecommunications SC served on 12/23/2005, answer due 1/12/2006; Societe Internationale De Telecommunications Inc., Sita, SC served on 12/3/2005, answer due 12/23/2005; Sita, Inc. Served on 12/3/2005, answer due 12/23/2005; Sita, Sita Information Networking Company USA, Inc. served on 8/23/2005, answer due 9/12/2005; Sita Inc NV served on 12/3/2005, answer due 12/23/2005. (Attachments: #1 Affidavit societe [(*sic*)] and hartford [(*sic*)] affidavits of service) (Pollack, Ruth) (Entered: 05/28/2006)

(*Mugno v. Societe Internationale Telecommunications Aeronautiques* et al., No. 05-cv-2037 (DRH) (ARL), docket entry (E.D.N.Y. May 28, 2006).) The first attachment to this docket entry is virtually illegible. (*See* doc. #29-1.) The second attachment is captioned "Anthony Mugno against Societe Internationale Telecommunications Aeronautiques and The Hartford Insurance

Company" and is labeled an "Affidavit of Service". (Doc. #29-2.) The Affidavit indicates that on August 23, 2005, Robert D. Helfand, the Assistant Vice President and Senior Counsel of Hartford, was served "the Summons In A Civil Action;" there is no mention of service of a complaint or an amended complaint. (*Id.*) (There is no evidence in the record that the Defendants identified in Attorney Pollack's docket entry were served Mugno's original Complaint.)

On July 13, 2006, Plaintiff served a summons and "1st Amended Verified Complaint" on "Societe Internationale" and "SITA". Proof of service was evidenced by an affidavit filed on September 29, 2006. (*See* doc. #47-2.) This unlabeled affidavit was captioned "Anthony Mugno against Societe Internationale, etc, et al.," indicated a case number of "05 CV 2037 (ML) (JH)," and stated that service of a summons and a first amended verified complaint to 1201 Peachtree Street in Atlanta, Georgia, was made "[b]y delivering to and leaving [the summons and complaint] with Monique Jober". (*Id.*) It further identified Ms. Jober "to be the authorized agent for Registered Agent of the corporation." (*Id.*) Societe requested that its pending Motion to Dismiss be considered its response to Plaintiff's July 13th service of the Amended Complaint (*see* Letter from Annette A. Idalski, Esq., Hunton & Williams LLP, to Hon. Denis R. Hurley, U.S. District Court (July 28, 2006) (doc. #39), and the Court granted that request (*see* July 31, 2006 Order).

Having provided this detailed background, the Court proceeds to consider first Societe's Motion to Strike and then its Motion to Dismiss.

## III. DISCUSSION

### A.  Societe's Motion to Strike

Federal Rule of Procedure 12(b) states, *inter alia*:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).  Yet, as the Second Circuit has instructed, when presented with other Rule 12(b) motions, courts may consider evidentiary matter "presented by affidavit or otherwise." *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1010-11 (2d Cir. 1986) (considering affidavit submitted in support of a Rule 12(b)(1) motion) (citing *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2d Cir. 1976)).  In that vein, Rule 56 is relevant "in that the body of decisions under Rule 56 offers guidelines in considering evidence submitted outside the pleadings." *Id.* at 1011.

In turn, Rule 56(e) requires that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).  Thus, where an affidavit is not based on personal knowledge, it may be stricken. *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988); *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 568 (E.D.N.Y. 1999).  Also, where an affidavit contains hearsay that would not be admissible as a hearsay exception, such hearsay can be struck.  *See Caldwell v. Am. Basketball*

*Assoc.*, 825 F. Supp. 558, 572 (S.D.N.Y. 1993), *aff'd*, 66 F.3d 523 (2d Cir. 1995), *cert denied*,

518 U.S. 1033 (1996).  Likewise, affidavits containing conclusory allegations and legal

arguments are subject to being struck.  *See Kamen*, 791 F.2d at 1011.

   The Court must also consider 28 U.S.C. § 1746 in its decision whether to strike

declarations.  Where a matter is permitted to be supported, evidenced, or established by a sworn

declaration by the person making the declaration, such

> matter may, with like force and effect, be supported, evidenced,
> established, or proved by the unsworn declaration, . . . in writing of
> such person which is subscribed by him, as true *under penalty of
> perjury*, and dated, in substantially the following form:
>
> > \* \* \*
>
> > (2)  If executed within the United States, . . . : "I declare (or
> > certify, verify, or state) *under penalty of perjury* that the foregoing
> > is true and correct.  Executed on (date).
>
> > > (Signature)".

28 U.S.C. § 1746 (emphasis added).  Similarly, Local Civil Rule 1.10 provides helpful guidance

in the Court's consideration of Societe's Motion to Strike.  Rule 1.10 requires:

> In situations in which any local rule provides for an
> affidavit or a verified statement, the following are acceptable
> substitutes: (a) a statement subscribed under penalty of perjury as
> prescribed in 28 U.S.C. § 1746; or (b) if accepted by the court as a
> substitute for an affidavit or a verified statement, (1) a statement
> signed by an attorney or by a party not represented by an attorney
> pursuant to Federal Rule Civil Procedure 11, or (2) an oral
> representation on the record in open court.

   Here, in support of his opposition papers to Societe's Motion to Dismiss, Mugno has

submitted his Declaration with several attached documents and his counsel's Declaration.

1.  Mugno's Declaration

Mugno's Declaration begins, "ANTHONY Mugno, being duly sworn, deposes and says:" (Pl.'s Decl. at 1, Ex. A attached to Societe's Reply in Supp. Mot. Strike (doc. #46).) Mugno's lengthy Declaration concludes: "WHEREFORE, plaintiff respectfully seeks an order denying the motions of defendants in their entirety, together with such other and further relief as s [(*sic*)] just and proper." (*Id.* at 10.) The Declaration is electronically signed by Mugno, but it is not notarized. (*Id.*)

Despite its length, a paramount element missing from Mugno's Declaration is Mugno's attestation that he made the Declaration on personal knowledge. One's belief alone is not enough upon which to make a declaration, nor is knowledge alone sufficient; the Federal Rules require *personal* knowledge. *See* Fed. R. Civ. P. 56 (e); *Sellers*, 842 F.2d at 643; *Morris*, 37 F. Supp. 2d at 568. Moreover, Mugno has failed to show affirmatively that he is competent to testify to the matters stated therein. Further, even assuming, *arguendo*, that Mugno's Declaration was based on personal knowledge, the Court's review of the Declaration persuades it that much of Mugno's statements made therein would not be admissible in evidence.[9] *See* Fed. R. Evid. 402; *see also Caldwell*, 825 F. Supp. at 572.

In any event, Mugno's Declaration is further deficient in that it is not made under penalty of perjury. To ensure the trustworthiness of a declaration, federal law requires a declarant

---

[9] The Court also notes that Mugno's Declaration is replete with conclusory allegations and legal arguments, many presented in the form of rhetorical questions. If the Court was not striking Mugno's Declaration in its entirety for other deficiencies, large portions of the Declaration would be stricken to eliminate these conclusory allegations and legal arguments. *See Kamen*, 791 F.2d at 1011; *Morris*, 37 F. Supp. 2d at 568.

subscribe his statement subject to the risk of criminal penalty.  *See* 28 U.S.C. § 1746; *see also, e.g, Margo v. Weiss*, 213 F.3d 55, 62 (2d Cir. 2000) ("Perjury is a crime under 18 U.S.C. § 1623.").  Without the necessary "under-penalty-of-perjury" proclamation, the Court will not rely upon Mugno's Declaration nor the documents attached thereto.  Therefore, the Court grants Societe's Motion to Strike Mugno's Declaration.

### 2.  Pollack's Declaration

Attorney Pollack, Mugno's counsel, also submitted a Declaration.  (*See* Ex. B attached to Societe's Reply in Supp. Mot. Strike (doc. #46).)  The preamble to Pollack's Declaration states: "RUTH M. POLLACK, ESQ., attorney for plaintiff, *being mindful of* the penalties for perjury, affirms and declares as follows:" (*Id.* at 1 (emphasis added).)  Pollack concludes with a request for "an order denying the motions of both defendants in their entirety, together with such other and further relief as is just and proper."  (*Id.* at 2.)  While dated May 22, 2006, and containing a signature line for "Ruth M. Pollack, Esq. (RP1407)," the Pollack Declaration is unsigned.  (*Id.*)

First, the Court does not find "being mindful of" the penalties of perjury the same as making a declaration "under penalty of perjury."  The first indicates one's awareness of the penalty for perjury, whereas the second indicates one's willingness to be subjected to that penalty. The statute requires willingness to be subjected to perjury's penalty.  *See* 28 U.S.C. § 1746.  Second, without a signature–either actual or electronic–the Court does not know whether Pollack subscribes to the statements made in her purported Declaration.  *See id.*  Indeed, it is the signature that provides assurance to the Court that the declarant swears or attests to what is stated in the declaration.  Thus, given the document before it alleged to be a Declaration, the Court will

not considered Pollack's Declaration since it does not comport with the requirements of 28 U.S.C. § 1746. Therefore, the Court grants this portion of Societe's Motion to Strike, as well.

### 3. Societe's Request for Sanctions

In addition to requesting the Declarations of Mugno and Pollack be stricken, pursuant to Federal Rule of Civil Procedure 56(g), Societe also seeks sanctions against Plaintiff. Societe argues the Declarations were filed in bad faith:

> Indeed, neither declaration is properly sworn to as required by 28 U.S.C. § 1746 and Local Rule 1.10 and both declarations set forth conclusory allegations, which are not based on personal knowledge, for the sole purpose of distracting Defendant Societe and this Court from the fact that Plaintiff never served Defendant Societe, despite numerous opportunities to do so.

(Societe's Strike Mem. at 17.) Societe also asserts that Plaintiff filed the Declarations as a means of delaying the proceedings. (*See id.* at 18.)

Where bad faith or purposeful delay is used, Rule 56(g) directs a court to sanction the offending party:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing then to pay to the other party the amount of reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees . . . .

Fed. R. Civ. P. 56(g). Here, the Court is not satisfied that Plaintiff caused his and Pollack's Declarations to be filed in bad faith. Rather, given the record before it, the Court is persuaded that the deficient Declarations were filed in a desperate attempt to defeat Societe's Motion to

Dismiss and that the deficiencies of the Declarations are the result of sloppy lawyering. (*See infra* Part IV.) Likewise, it does not appear to the satisfaction of this Court that Plaintiff filed the Declarations solely for the purpose of delay. Instead, given Attorney Pollack's questionable performance throughout this case, it appears to the Court that Pollack's purpose in filing the Declarations was a poorly executed attempt to preserve Mugno's Amended Complaint in light of Societe's diligent attempt to dismiss it. Thus, finding no bad faith and no purposeful delay, the Court will not order Mugno to pay Societe's costs associated with its Motion to Strike; in that regard, Societe's Motion to Strike is denied.

### B. Societe's Motion to Dismiss

#### 1. Standard of Review–Rule 12(b)(5)

Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), "the Court must first address the preliminary questions of service and personal jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("logic compel[s] initial consideration of the issue of jurisdiction over the defendant–a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim")). Where a court is presented with a Rule 12(b)(5) dismissal motion arguing insufficiency of process, "' a Court must look to matters outside the complaint to determine whether it has jurisdiction.'" *Id.* (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). "'Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he

was never served with process.'" *Id.* (quoting *Howard v. Klynveld Peat Mrwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 855 (2d Cir. 1999). When a defendant makes a Rule 12(b)(5) motion, it is the plaintiff's burden of proof to establish its service of process was adequate. *See Preston v. New York*, 233 F. Supp. 2d 452, 466 (S.D.N.Y. 2002).

### 2. Standard of Review–Rule 12(b)(2)

"Objections pursuant to Rule 12(b)(2) concern lack of personal jurisdiction, which results when a summons and compliant have not been served on the defendant pursuant to Rule 12(b)(5)." *Anzulewicz v. Nat'l Fuel Gas Supply Corp.*, 208 F.R.D. 47, 49 n.5 (W.D.N.Y. 2002). When a defendant moves for dismissal under Rule 12(b)(2), it is the plaintiff's burden of proof to show that the court has jurisdiction over the defendant. *See Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). "If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). A court will "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations" but "will not draw 'argumentative inferences' in the plaintiff's favor." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1996). And, "'[c]onclusory allegations are not enough to establish personal jurisdiction.'" *Mende*, 269 F. Supp. 2d at 251 (quoting *Harris v. Wells*, 832 F. Supp. 31, 34 (D. Conn. 1993)).

### 3. The Instant Motion to Dismiss

As the plaintiff herein and in order to defeat Societe's Motion to Dismiss, it is Mugno's burden of proof to establish that his service of process was adequate. Here, because Societe has

moved for dismissal under Rules 12(b)(2) and (5), in addition to subsection (6), the Court looks to matters outside the Complaint to determine if that burden is met. Upon review of those matters, it is clear that Mugno has failed to meet that burden. Mugno offers no competent evidence that overcomes Societe's Declarations that support its position that it was never served with process, one of its grounds for dismissal. (As discussed in Part III(A), *supra*, and for the reasons stated therein, the Court does not consider Mugno's or Pollack's Declarations.) First, Mugno's supposed affidavit of service regarding the alleged August 23, 2005 service is wholly illegible. (*See* doc. #29-2.)[10] Second, Plaintiff's statement that he effected service on Societe on that date (*see* Pl.'s Opp'n Mem. at 3) is unavailing in the face of Societe's Declarations that establish service was not effected upon Societe or SITA. *See Howard*, 977 F. Supp. at 658 ("Conclusory statements that a defendant was properly served are insufficient to overcome defendant's sworn affidavit that he was never served with process."). Yet, even if the Court were to assume, *arguendo*, that service was made on August 23, 2005, it is still not effective in light of Susan Sima's Declaration ("Sima Decl."). (*See* Sima Decl. at ¶ 2, Ex. B, attached to Societe's Strike Mem.) As discussed *infra*, Sima declares that she is a receptionist for SITA who is not authorized to accept service of process for SITA (*see id.* at ¶ 4), and she is not aware of the entity known as Societe (*see id.* at ¶ 7). Further, Sima informed the process server of this fact, but, nonetheless, the server proceeded to leave a summons and complaint with her. (*See id.* at ¶ 5).

---

[10] The Court notes that Mugno did file an affidavit of service dated July 14, 2006 wherein process server Dennis Novik testified he served a Monique Jober, alleged to be "the authorized agent for Register Agent" for "Societe Internationale and SITA," at 1201 Peachtree Street in Atlanta, Georgia, on July 13, 2006. (*See* doc. #47-2.) However, as before, service of this Complaint–the "1st Amended Verified Complaint"–is untimely as it was served more than 120 days from filing, which occurred on December 3, 2005. Therefore, service continues to be insufficient.

Under both New York's and the Federal Rules of Civil Procedure, this attempted service is inadequate. *See McKibben v. Credit Lyonnais*, No. 98-cv-3358 (LAP), 1999 U.S. Dist. LEXIS 12310, *6-7 (S.D.N.Y. 1999) (citing N.Y.C.P.L.R. § 311 and Fed. R. Civ. P. 4(h)(1)).

Conversely, in support of its Motion to Dismiss, Societe submitted several Declarations:

(1) *Declaration of Alain Brodeur* ("Brodeur Decl."), Corporate Secretary for Societe Internationale de Telecommunications Aeronautiques, S.C. ("Societe"), a foreign entity, which is registered to do business in the State of Georgia as Societe Internationale de Telecommunications Aeronautiques,LTD, (*see* Brodeur Decl. at ¶ 2, Ex. A, attached to Societe's Strike Mem.);

(2) *Declaration of Susan Sima*, a receptionist of SITA Information Networking Computing USA, Inc. ("SITA"), (*see* Sima Decl. at ¶ 2, Ex. B, attached to Societe's Strike Mem.); and

(3) *Declaration of Chip Parker* ("Parker Decl."), in-house senior legal counsel for SITA, (*see* Parker Decl. at ¶ 2, Ex. C, attached to Societe's Strike Mem.).

According to Brodeur, Societe is not registered to transact business in New York State and does not maintain a registered agent in this State. (*See* Brodeur Decl. at ¶ 3.) Brodeur further declares that Sima is not an employee of Societe and is not authorized to accept service on Societe's behalf. (*See id.* at ¶¶ 4, 6.) Brodeur further states that "Mugno was not employed by Societe during 2003, which is the time period relevant to this lawsuit." (*Id.* at ¶ 7.) Brodeur's Declaration comports with the requirements of 28 U.S.C. § 1746.

As briefly mentioned above, in her Declaration, Sima testifies that she is not authorized to accept service of a summons on SITA's behalf. (*See* Sima Decl. at ¶ 4.) Yet:

> [o]n August 26, 2005, an individual, who identified herself as a process server, arrived at SITA's office located at 55 Orville Drive, Bohemia, New York and handed me a Summons and Complaint. The Summons and Complaint were styled, "*Anthony Mugno v. Societe Internationale Telecommunications Aeronautiques and The Hartford Company*."

(*Id.* at ¶ 3 (emphasis in original).) While Sima states she informed the process server that she was not authorized to accept service of a summons or complaint, and that she would locate someone who was, "The process server indicated that she would not wait for the proper representative and that her job was simply to deliver the paperwork." (*Id.* at ¶ 5.) After informing Sima of this, the process server "then immediately exited the building." (*Id.*) Sima further testified that she is not employed by Societe, nor is she aware of that entity. (*See id.* at ¶ 7.) Sima's Declaration satisfies the criteria of 28 U.S.C. § 1746.

Declarant Parker states that SITA maintains an office at 55 Orvill Drive in Bohemia, New York, as well as at various other locations. (*See* Parker Decl. at ¶ 3.) He also declares that while Sima is an SITA employee, she has never been authorized to accept service on behalf of SITA. (*See id.* at ¶ 5.) According to Parker Declaration, Mugno was also an SITA employee from January 1, 2001, through November 23, 2003. (*See id.* at ¶6.) All elements required of 28 U.S.C. § 1746 are found in Parker's Declaration.

Yet, despite Societe's clear evidence supporting its position that it was not timely served, Mugno persists in making an argument that focuses on his filing of his initial Complaint after the issuance of a right-to-sue letter. (*See* Pl.'s Opp'n Mem. at 2-3.) This argument misses the point.

-24-

Societe makes no issue of when Plaintiff *filed* his Complaint; its time-related argument is based on Federal Rule of Civil Procedure 4(m),[11] *i.e.*, the *service* of the summons and complaint upon Societe. (*See* Societe's Dismissal Mem. at 9-10.) Societe states: "Here, in order to satisfy the requirements of Rule 4(m), Plaintiff was required to perfect service on Defendant Societe no later than August 24, 2005–within 120 days after his Complaint was filed. Plaintiff did not do so, however." (Id. at 10.) Yet, according to Societe's Declarations, Mugno caused the Summons and Complaint to be served on August 26, 2005, *i.e.*, after the 120-day period required of Rule 4(m).

Moreover, when the Court afforded Plaintiff additional time within which to serve an amended Complaint, Mugno again was untimely in service. (*See supra* Part II, "Procedural Background," at 9-10.) The record is abundantly clear that Mugno did not serve the initial Complaint or his Amended Complaint within the time frame mandated by the Federal Rules or by the extension deadlines granted by the Court. On this basis alone, the dismissal of the Amended Complaint is warranted.[12] *See Mused v. Dep't of Agric. Food & Nutrition Serv.*, 169

---

[11] According to Rule 4(m), where service of a summons and complaint

> is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[12] And, for this reason, Plaintiff's request for leave for an enlargement of time *nunc pro tunc* (*see* Pl.'s Opp'n Mem. at 8) is denied.

F.R.D. 28, 33 (W.D.N.Y. 1996) (stating where a "plaintiff has failed to complete service within 120 days and has not shown good cause for such failure, the court should dismiss the action rather than grant an extension of time to complete service"). And, as one of our sister court in the Northern District of New York has stated, "Although Rule 4 is given liberal construction, 'there are limits to the rule's malleability. The goal of liberal construction cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" *Anzulewicz*, 208 F.R.D. at 49 (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (2d ed. 1987)).

Likewise, the Court is unpersuaded by Mugno's argument that Societe sought to frustrate service by using various business names. (See Pl.'s Opp'n Mem. at 6-7.) This dubious argument is substantially mitigated by the fact that in its very first filing with the Court, Societe not only indicated it was the wrong defendant (as it did not employ Mugno), it provided Mugno and the Court with the proper legal name of Mugno's former employer, SITA–a non-defendant at that time. (*See* Societe's pre-motion conference letter at 1 n.1.)[13] This, together with the repeated opportunities afforded Plaintiff to effect service, undermines Mugno's spurious argument that his efforts to serve the Amended Complaint were frustrated by Societe.

---

[13] As noted in Part II, "Procedural Background," *supra*, there were several other instances when Societe provided Plaintiff with the correct name of the entity that employed him during the relevant time period. (*See also* Societe's Reply at 3 n.3 (providing all the instances when Societe "*informed plaintiff that service was defective and indicated the proper party to serve in this matter on at least seven separate occasions*" (emphasis in original)).) Moreover, the Court allowed Mugno to amend his initial complaint to add SITA and to properly effect service on it and Societe. (*See, e.g.*, October 19th Order.) Yet, Mugno failed to do so.

Indeed, Societe continues to maintain in its Motion to Dismiss that Mugno's attempted service was made on the wrong party, *i.e.*, Societe. Societe has been unwavering in its position that SITA is the proper defendant since it was the entity that employed Mugno during the relevant time period. This fact is supported by the Declaration of Parker (*see* Parker Decl. at ¶ 6) and the copies of Mugno's 2003 and 2004 W-2 Wage and Tax Statements attached as Exhibit 1 to Parker's Declaration.

As Societe correctly asserts, despite Plaintiff's insistence that Societe and SITA are the same entity (*see* Pl.'s Opp'n Mem. at 1, 4), "[t]his allegation is not supported by any admissible evidence and should be disregarded." (Societe's Reply Mem. at 4 (citing *Howard*, 977 F. Supp. at 658).) Yet, Societe does admit that SITA is its "sister company." (*Id.* at 1.) However, service on one is not the same as service on the other. *See McKibben*, 1999 U.S. Dist. LEXIS 12310, at *9 ("New York Courts have consistently held that service of process on one corporation does not confer jurisdiction over another, 'even where one corporation may wholly own another, or where they may share the same principals.'" (quoting *In re Crespo*, 123 Misc. 2d 862, 475 N.Y.S.2d 319, 323 (N.Y. Sup. Ct. 1984)); *AICPA v. Affinity Card*, 8 F. Supp. 2d 372, 377-78 (S.D.N.Y. 1998) (finding that, despite one individual serving as an office and director of two corporations and despite those corporations sharing some employees and having a common address and phone number, service on one corporation does not render service on the other one); *Rinzler v. Jafco Assocs.*, 21 A.D.3d 360, 362 (N.Y. App. Div. 2005) (finding that service on one entity does not validate service as to another entity, even though the two entities have the same address and share the same shareholders and officers). Thus, Mugno's attempts to serve SITA via Societe are ineffective.

Even if service had been timely, Plaintiff cannot meet his burden of establishing that the Court has jurisdiction over Societe or SITA. The record is absent of any evidence that establishes proper service on Societe or SITA.[14] Instead, there is evidence submitted by Societe (*i.e.*, the Declarations of Brodeur, Sima, and Parker) that service was not properly made upon Societe or SITA. *See, e.g., Amnay v. Del Labs*, 117 F. Supp. 2d 283, 286 (E.D.N.Y. 2000) (Spatt, J.) ("New York courts have held that a receptionist is generally not authorized by a corporation to receive service unless there is evidence that a person to be served has resisted service.") (further citation omitted). And, Plaintiff's conclusory statements to the contrary (asserted throughout his Opposition Memo) are unavailing. *See Mende*, 269 F. Supp. 2d at 251 ("[c]onclusory allegations are not enough to establish personal jurisdiction"). Since the Plaintiff has failed to meet his burden of showing that the Court has jurisdiction over Societe and/or SITA, the Court has no jurisdiction over those named Defendants.

In turn, without such jurisdiction, the Court "lacks power to dismiss [the C]omplaint for failure to state a claim." *Arrowsmith*, 320 F.2d at 221. Thus, the Court does not consider Societe's Rule 12(b)(6) arguments.


## IV. A FINAL WORD OF CAUTION

A review of this case causes the Court to raise a cautionary flag as to Plaintiff's Counsel's performance. She has requested six extensions, four of which have been untimely. She has also

---

[14] As stated in Part II, "Procedural Background," *supra*, the document Plaintiff submitted as proof of service (presumably an affidavit) is wholly illegible. (*See* doc. #29-1.) And, the Court has stricken Mugno's and Pollack's Declarations.

violated several Court-ordered deadlines (*e.g.*, October 19th Order, November 22, 2005 Order, March 3, 2006 Order, April 4, 2006 Order, May 22, 2006 Order).  While the Court is sympathetic to Counsel's medical issues, understands dissolving a law partnership is time-consuming, and knows there are many pressures to being a solo practitioner, these situations–alone or in concert–do not vitiate her ethical obligation to diligently represent her client.  *See* N.Y.S.B.A. Code of Prof'l Responsibility Canon 6 (amended 2002) ("A lawyer should represent a client competently."); *see also id.* EC 6-1 ("the lawyer should act with competence and proper care"); *id.* EC 6-4 ("In addition to being qualified to handle a particular matter, the lawyer's obligation to the client requires adequate preparation for and appropriate attention to the legal work, as well as promptly responding to inquiries from the client." (emphasis added)); *id.* DR6-1-1(A)(2) ("A lawyer shall not handle a legal matter without preparation adequate in the circumstances."); *cf. id.* DR 2-110(B)(3).

In an effort to have Plaintiff's case decided on the merits, the Court afforded Plaintiff's Counsel repeated opportunities to correct her deficiencies.  However, Counsel persisted with a pattern of requesting untimely extensions and, when granted such extensions, with a pattern of missing those deadlines.  Based on the tortured history of this case and finding that it is the result of Counsel's performance herein, her request for attorney's fees (*see* Pl.'s Opp'n Mem. at 7) is denied.  The Court encourages Counsel take whatever steps are necessary to avoid a repetition of what transpired in this case.  Counsel may wish to explore available avenues of assistance to aid her in effectively managing her practice and competently and diligently representing her clients.

## *CONCLUSION*

For the foregoing reasons, Defendant Societe's Motion to Strike (doc. #44) is GRANTED in part and DENIED in part; the Declarations of Mugno and Pollack are stricken, but no sanctions shall be awarded to Societe. Further, Defendant Societe's Motion to Dismiss (doc. #40) is GRANTED in its entirety.

The Court notes that there is no evidence that the remaining named Defendants have been served with a summons and the Complaint. If sufficient evidence of proper service on the remaining Defendants is not filed within thirty (30) days of the issuance of this Memorandum and Order, in accordance with Federal Rule of Civil Procedure 4(m), the Court shall dismiss the action without prejudice as to those Defendants.

**SO ORDERED**.

Dated: Central Islip, New York
      January 30, 2007

                                          _____/s/_____
                                            Denis R. Hurley,
                                            United States Senior District Judge